IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick ONeal Neely, | ) C/A No. 1:10-177-MBS-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Gabriel Kitchings; | ) |
| Waylon Fields; | ) |
| Micheal Trailway; | ) |
| Scottie Hudson; | ) |
| Johnathan Brown; | ) |
| Joseph Brown; | ) |
| Joseph Berry, and | ) |
| Aiken County, | ) |
| Defendants. | ) |

This case is before the Court due to Plaintiff's failure to comply with this court's Order issued February 26, 2010 (Docket Entry 11), and because of Plaintiff's failure to prosecute the case in a timely manner. This case was filed by Plaintiff on January 25, 2010. Following initial review, Plaintiff was directed to submit certain items (service documents, rule 26.01 interrogatories, and answers to special interrogatories) that were necessary before this case could be considered in proper form. The initial Order issued in this case was mailed to Plaintiff on March 1, 2010, and it has not been returned to the court; thus it is presumed that Plaintiff received his copy of the Order. Plaintiff was specifically informed that this case would be recommended for dismissal if he failed to comply with the directions contained in the Order within twenty-one days. The time for Plaintiff's compliance with that Order expired on March 26, 2010, but no response from Plaintiff was received as of that date.

PJG

Applying the four-factor test of Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, it is clear that Plaintiff's failure to respond to the Order, despite being informed of the consequences of such failure, indicates an intent on Plaintiff's part not to prosecute this case. Accordingly, the court recommends that this case be dismissed without prejudice due to Plaintiff's failure to comply with this court's Order and failure to prosecute the case. See Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 12, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the following page.*

Applying the four-factor test of Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, it is clear that Plaintiff's failure to respond to the Order, despite being informed of the consequences of such failure, indicates an intent on Plaintiff's part not to prosecute this case. Accordingly, the court recommends that this case be dismissed without prejudice due to Plaintiff's failure to comply with this court's Order and failure to prosecute the case. See Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 12, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).