IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Patrick O'Neal Neely, | ) |
| Plaintiff, | ) C.A. No. 1:10-177-MBS |
| vs. | ) |
| | ) **ORDER** |
| Gabriel Kitchings, Waylon Fields, Micheal, Trailway, Scottie Hudson, Johnathan Brown, Joseph Berry, and Aiken County, | ) |
| Defendants. | ) |

Plaintiff Patrick O'Neal Neely, proceeding *pro se*, filed the within action on January 25, 2010 against Aiken County, Gabriel Kitchings ("Kitchings"), Waylon Fields ("Fields"), Micheal Trailway ("Trailway"), Scottie Hudson ("Hudson"), Johnathan Brown ("Brown"), and Joseph Berry ("Berry") alleging employment discrimination based upon Plaintiff's race. Plaintiff seeks reinstatement of his job and benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Paige J. Gossett for pretrial handling. On March 1, 2010, the Magistrate Judge ordered that the case be brought into the proper form by March 25, 2010. On April 13, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed for failure to prosecute. On April 22, 2010, Plaintiff objected to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge.  28 U.S.C. § 636(b)(1).

In the proper form order, Plaintiff was required to: 1) complete one summons form listing every Defendant named in this matter and every Defendant's street address for service of process; 2) complete, sign, date and return his answers to the court's special interrogatories; and 3) complete, sign, date, and return his answers to the Court's Local Rule 26.1 interrogatories.  The proper form order warned Plaintiff that failure to comply with the order within the time allotted would result in a recommendation that the case be dismissed for failure to prosecute.  In his objections, Plaintiff states that he wishes to pursue his case, but that he does not have the proper paperwork from the court to comply with the proper form order.  The court will afford Plaintiff one more chance to proceed with his case.  The clerk of court is ordered to re-send Plaintiff the Magistrate Judge's proper form order with the Local Rule 26.1 interrogatories and special interrogatories attached, as well as a summons form.  Plaintiff must comply with the terms of the Magistrate Judge's proper form order within twenty (20) days of the entry of this order.  The court recommits the matter to the Magistrate Judge for further pre-trial handling.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

May 10, 2010
Columbia, South Carolina

2