IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Patrick O'Neal Neely, | ) | C/A No. 1:10-177-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Gabriel Kitchings; Waylon Fields; Micheal | ) | |
| Trailway; Scottie Hudson; Johnathan Brown; | ) | |
| Joseph Berry; Aiken County, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Patrick O'Neal Neely ("Neely"), filed this action alleging discrimination. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss the Complaint. (ECF No. 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Neely of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 28.) Neely filed a response opposing the defendants' motion. (ECF No. 30.) Having carefully reviewed the parties' submissions and the applicable law, the court finds that the Complaint must be dismissed.

## BACKGROUND

On January 25, 2010, Neely filed the Complaint against Aiken County ("the County") and six of its employees. Neely's claims appear to stem from his former employment with the County. Upon initial screening of the Complaint, the court issued a standard "proper form" order (ECF No. 11) directing that Neely bring the case into proper form by, among other things, completing the

PJG

forms required for the court to issue summonses for the defendants. When Neely failed to do so, the assigned magistrate judge recommended dismissal of the Complaint based on Neely's failure to comply; the district judge, however, afforded Neely "one more chance to proceed with his case" and instructed Neely to take certain actions, including completing one summons form listing each named defendant. (ECF No. 17.) Neely again failed to comply. Rather, Neely himself delivered a copy of the complaint and a summons issued only for the County to the County's human resources department. (See Proof of Service, ECF No. 25.)

## DISCUSSION

The defendants base their motion upon several grounds. They apparently seek dismissal of the Complaint based upon Neely's failure to comply with prior orders of the court; Rule 12(b)(4) for insufficient process; Rule 12(b)(5) for insufficient service of process; Rule 12(b)(6) for failure to state a claim for which relief can be granted; and Rule 12(b)(1) for lack of subject matter jurisdiction based upon Neely's failure to exhaust administrative remedies with regard to the individual defendants.

A.     **Compliance with Court Orders and Service of Process**

As an initial matter, the court agrees that the Complaint should be dismissed based upon Neely's persistent failure to comply with orders of the court to bring the case into proper form by completing sufficient summons forms. In any event, Neely's failure to comply has resulted in insufficient process with regard to the individual defendants, providing an independent ground for dismissal under Federal Rule of Civil Procedure 12(b)(4). See Fed. R. Civ. P. 4(b) (requiring a summons for each named defendant). Moreover, a separate and independent basis for dismissal exists under Federal Rule of Civil Procedure 12(b)(5) because Neely did not effect proper service

PJG

on any of the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. First, Neely himself attempted to effect service, which is expressly prohibited under Rule 4(c)(2). Second, delivery of process to the human resources department is ineffective service on the County. See Fed. R. Civ. P. 4(j)(2)(A), (B) (providing that service on a local government must be made by delivery of process to the chief executive officer or in accordance with state law); Rule 4(d)(6), SCRCP (providing state rule of service for local governments including delivery to the chief executive officer or the clerk of the county). Since the human resources department is neither the chief executive officer nor the clerk, Neely has not properly effected service on the County. Similarly, Neely's delivery of process to the human resources department did not properly effect service on any of the individual defendants. See Fed. R. Civ. P. Rule 4(e) (providing rule for service on individuals). Finally, since more than 120 days has passed since the filing of the Complaint without proper service having been made on any defendant and Neely has offered no good cause for the failure to serve, dismissal is warranted under Federal Rule of Civil Procedure 4(m).

**B.      Failure to State a Claim**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct

PJG

alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual

allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Even if process had been properly served, Neely's Complaint fails to state a claim upon

which relief can be granted against the individual defendants.  First, individual employees generally

cannot be held liable for discrimination claims brought pursuant to Title VII of the Civil Rights Act

of 1964 ("Title VII").[1]  Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998).  Moreover,

to the extent Neely's claims rest on either 42 U.S.C. §§ 1983 or 1981, his allegations fail to assert

a plausible claim for relief against the individual defendants, since the Complaint contains no facts

indicating how they were involved in his alleged injury.[2]  See Iqbal, 129 S. Ct. at 1948-49 (holding

that to state a claim for plausible relief in a civil rights case, a plaintiff must allege facts showing

personal participation by the defendant in the alleged constitutional violation); see also Deberry v.

Davis, C/A No. 1:08cv582, 2009 WL 3228061, at *3 n.5 (M.D.N.C. Sept. 30, 2009) (unpublished)

(requiring specific allegations against each of the named defendants to avoid dismissal of a claim

for individual liability under § 1981).

---

[1] The defendants also argue that any Title VII claims against the individual defendants should
be dismissed for failure to exhaust administrative remedies because Neely did not name those
defendants in his administrative charge.  The court finds this argument to be without merit.  See
Lissau,159 F.3d at 180; Walton v. Sch. Bd. of Gloucester Cnty., No. 4:06cv75, 2006 WL 3838235
(E.D. Va. Dec. 4, 2006) (unpublished) (finding exhaustion of any Title VII claims against individuals
in their capacities as representatives of the employer to be satisfied because the party exposed to
liability—i.e., the employer—was placed on notice through the administrative charge).

[2] In response to the defendants' motion, Neely did not provide a memorandum of law
addressing their arguments but rather filed approximately 118 pages of documents which appear to
constitute his entire file relating to his public employee grievance proceedings through the County
and/or his discrimination charge filed with the Equal Employment Opportunity Commission.



Any civil rights claim Neely may be attempting to assert against the County likewise fails as a matter of law, since to state such a claim against a local government a plaintiff must assert that an official policy or custom proximately caused the constitutional violation. See Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (observing that the requirement under § 1983 to show a local government's official policy or custom of discrimination also controls in § 1981 actions). Neely's failure to do so is fatal to his claims against the County.

**RECOMMENDATION**

Neely's Complaint should be dismissed in its entirety for failure to comply with two prior orders of the court and for failure to comply with Rule 4 of the Federal Rules of Civil Procedure. Additionally, even if Neely had properly and timely served the defendants with the required summonses and the Complaint, any claims he attempts to assert against the individual defendants must be dismissed for failure to state a claim upon which relief can be granted. Similarly, any civil rights claim against the County he attempts to assert must be dismissed for failure to state a claim upon which relief can be granted. Accordingly, the court recommends that the defendants' motion to dismiss (ECF No. 26) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 23, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).