IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick O'Neal Neely, ) | |
| ) | C/A No. 1:10-0177-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Gabriele Kitchings; Waylon Fields; ) | |
| Michael Trailway; Scottie Hudson; ) | |
| Johnathan Brown; Joseph Berry; Aiken ) | |
| County, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Patrick O'Neal Neely is a former employee of Aiken County, South Carolina. On January 25, 2010, Plaintiff, proceeding pro se, filed the within complaint, alleging that he had been subjected to discrimination based on race in violation of 42 U.S.C. § 2000e. Plaintiff seeks reinstatement of his job plus lost benefits, such as vacation time and retirement benefits.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On March 1, 2010, the Magistrate Judge issued an order in which she directed Plaintiff to bring the case into proper form by (1) completing and returning a summons form, (2) completing and returning answers to special interrogatories, and (3) completing and returning answers to Local Civil Rule 26.01 interrogatories. Despite being given two opportunities to comply with the Magistrate Judge's order, Plaintiff failed to bring the case into proper form.

On June 28, 2010, Defendants filed a motion to dismiss, asserting that the action should be dismissed because (1) Plaintiff had failed to bring the complaint into proper form, as directed; (2) service was insufficient, see Fed. R. Civ. P. 12(b)(5); (3) the complaint failed to state a claim, see

Fed. R. Civ. P. 12(b)(6); (4) the individual Defendants cannot be held individually liable for a claim under Title VII; and (5) the Plaintiff failed to exhaust his administrative remedies because the individual Defendants were not named in Plaintiff's Charge of Discrimination. By order filed June 29, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on July 28, 2010.

On September 23, 2010, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed without

prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 20, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**